(June 28, 1988)

■ DANIEL GARNER et al., Respondents, v WILLIAM ISELIN & Co., INC., et al., Appellants, et al., Defendants.—Order of the Supreme Court, New York County (Shorter, J.), entered January 21, 1988, which, *inter alia,* granted the motion of the plaintiffs to amend an order, entered on February 26, 1987, and to direct the defendants to respond to an amendment to the complaint previously authorized by the court, unanimously modified, on the law and the facts, the order to answer the amended complaint vacated and the amended complaint dismissed, without costs.

The January 21, 1988 order resulted from the following facts: By a notice of motion, dated August 4, 1986, defendants

William Iselin & Co., Inc. (Iselin) and James Barry moved for an order granting them summary judgment dismissing the complaint and for a further order granting them summary judgment on their counterclaims. Following an answer opposing the motion, the motion court granted both demands for relief in a decision dated January 9, 1987 and an order entered February 26, 1987. This order was affirmed by this court on November 19, 1987 [134 AD2d 971].

By an "Interim Memorandum", dated July 17, 1987, the motion court noted that it had given to plaintiffs permission "to serve an amended complaint describing one additional cause phrased in the prima facie tort of intentional infliction of emotional distress" and further noted that the amended complaint had been served in November 1986.

On the present appeal defendants contend that the motion court could not grant leave to amend the complaint and abused its discretion in allowing amendment following this court's affirmance of the February 26, 1987 order granting summary judgment to the defendant movants. Defendants argue further that this court's order operates as res judicata of the issues raised by the amended complaint.

The original complaint alleged the following:

Plaintiff Daniel Garner (D. Garner) was the principal stockholder and president of a Pennsylvania corporation known as Honeycomb, Inc. (Honeycomb), doing business in the State of New York under the name of "Spellbound" and manufacturing women's garments. Prior to October 1983, plaintiff Garner entered into a factoring agreement with the defendant Iselin by which Honeycomb would receive advance credit. D. Garner personally guaranteed these advances. In March 1984 the defendant Iselin agreed to increase its credit line to Honeycomb but then reneged on its commitment, causing an involuntary petition in bankruptcy to be filed against Honeycomb. The complaint further alleged that the defendants conspired to defraud the plaintiffs and to destroy D. Garner's interest in Honeycomb.

The answer to the original complaint denied its essential allegations and counterclaimed pursuant to D. Garner's guarantees of repayment of loans by Honeycomb.

The motion court dismissed the complaint and granted judgment to Iselin on the counterclaims. As stated before, that order was affirmed by this court.

The amended complaint alleged the same facts as the original complaint but added the allegation that the defendants'

actions caused severe emotional distress to the plaintiff D. Garner.

We reject the allegation that the defendants' refusal to grant additional credit to a company which is in financial trouble is outrageous conduct which can give rise to an action based on extreme emotional distress. Accordingly, we modify the order appealed from and dismiss the complaint. Concur—Murphy, P. J., Kupferman, Milonas, Rosenberger and Smith, JJ.